# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-104V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * *<br>JAMES RILEY and BRANDY RILEY,<br>*on behalf of E.R.*, a minor,<br><br>　　　　　　　　　　　Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　　　　Respondent.<br>* * * * * * * * * * * * * * * * * * * * * * * * * * * | **UNPUBLISHED**<br><br>Special Master Katherine E. Oler<br><br>Filed:  December 5, 2019<br><br>Interim Attorneys' Fees and Costs |

*Mark Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
*Lara Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 2, 2015, James and Brandy Riley ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their child, E.R., alleging that she suffered from injuries, including recurrent varicella zoster outbreaks as a result of the varicella ("Varivax") vaccination she received on February 20, 2012.  Pet. at 1, ECF No. 1.

On May 29, 2019, Petitioners filed their application for interim attorneys' fees and costs, requesting a total of $46,453.60. Fees App., ECF No. 64.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent filed a response to Petitioners' application on June 7, 2019. Fees Resp., ECF No. 66. Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 requires [R]espondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds that he "defers to [me] to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. Further, Respondent "defers to [me] regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case." *Id.* Respondent did not raise any specific issue with respect to reasonable basis or good faith. *See generally* Fees Resp.

For the reasons discussed below, I hereby **GRANT** Petitioners' application and award a total of **$46,453.60** in interim attorneys' fees and costs.

**I.     Legal Standard**

*A. Interim Attorneys' Fees and Costs*

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at

more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id.*

### B. Good Faith and Reasonable Basis

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as a petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

It is incumbent upon petitioners to "affirmatively demonstrate a reasonable basis," which is an objective inquiry. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011); *Di Roma*, 1993 WL 496981, at *1. When determining if a reasonable basis exists, many special masters and judges employ a totality of the circumstances test. The factors to be considered under this test may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). This "totality of the circumstances" approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

A petitioner's counsel is expected to make a pre-filing inquiry into a claim to ensure that it has a reasonable basis. *See Turner*, 2007 WL 4410030, at *6-7. Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Id.* Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015). The evidence presented must be "sufficient to give the petitioner a reasonable expectation of establishing causation." *Bekiaris v. Sec'y of Health & Human Servs.*, No. 14-750V, 2018 WL 4908000, at *6 (Fed. Cl. Spec. Mstr. Sep. 25, 2018). Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Id.*

The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis because the petitioner could not meet the burden of proof needed to establish reasonable basis." *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014). In rationalizing its decision, the *Chuisano* court highlighted the ruling in *Austin* as an example of a petition that minimally crossed the required

evidentiary threshold. *Id*. at 292, citing *Austin v. Sec'y of Health and Human Servs.,* No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013). In that case, the special master found reasonable basis where only a single notation by a medical provider linked the alleged injury to the vaccination. *Austin*, 2013 WL 659574, at *8. Still, the Court in *Chuisano* emphasized the totality-of-the-circumstances test, and stated that "[a]n evidentiary standard may serve as an excellent guidepost in fee decisions, but it cannot serve as the bright-line threshold. Such a rigid position is at variance with the flexible structure of the [V]accine [P]rogram." *Chuisano,* 116 Fed. Cl. at 287. While the statute does not define the standard for reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Id*.

## II. Discussion

### A. Undue Financial Hardship

The parties are currently briefing their respective positions for an entitlement ruling on the record. Petitioners and their counsel have been litigating this claim for more than four years. Thus, I find it reasonable to award interim costs at this juncture to avoid any undue financial hardship.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of the circumstances, taking into account the factual basis for the claim and the medical and scientific support offered. Petitioners have filed extensive medical records in this case. Petitioners have also submitted two expert reports in which immunologist, Dr. Vera Byers, offers a medical opinion supporting Petitioners' theory and offering a potential mechanism for causation. Ex. 4, ECF No. 41; Ex. 16, ECF No. 58. Dr. Byers' opinion appears to be supported by medical literature filed along with her reports. Additionally, with respect to factual basis for the claim, varicella vaccine has been included in the Vaccine Injury Table since August 6, 1997.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioners' reasonable fees and costs in this instance.

### C. Attorneys' Fees

Petitioners request a total of $24,562.99 in attorneys' fees. Fees App. Ex. A at 14, ECF No. 64-1.

#### i. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar

4

services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioners' counsel, Mr. Mark Sadaka, requests that he be compensated between $350.00 and $406.00 per hour for work performed from 2014 to 2019. Fees App. at 3. These rates are consistent with *McCulloch* and with what Mr. Sadaka has previously been awarded in the Program. *See, e.g.*, *Nelson v. Sec'y of Health & Human Servs.,* 15-615V (Fed. Cl. Spec. Mstr. Jan. 22, 2018); *Pasquinelli v. Sec'y of Health & Human Servs.*, No. 14-1156V, 2017 WL 6816707 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); *Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2017 WL 5472577 (Fed. Cl. Spec. Mstr. Oct. 19, 2017); *Ladue v. Sec'y of Health & Human Servs.,* No. 12-553V, 2018 WL 6978075 (Fed. Cl. Spec. Mstr. Dec. 14, 2018). Petitioners also request rates between $135.00 and $156.00 per hour for paralegals who performed work in this case between 2014 and 2019. These rates are consistent with such work previously awarded in the Program.

Accordingly, I find the requested rates reasonable and no adjustment is warranted.

### ii. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioners' counsel has provided a breakdown of hours billed and I find the hours to be reasonable. *See* Fees App. Ex. A. As such, I award the requested fees in full.

Total attorneys' fees to be awarded: **$24,562.99**

### D. Reasonable Costs

Petitioners request a total of $21,890.61 in costs, which includes obtaining medical records, postage costs, the Court's filing fee, and expert witness fees. Fees App. Ex. A at 15.

#### i. Petitioners' expert costs

Petitioners request costs for the work performed by Dr. Jeffrey Bomze and Dr. Vera Byers.

Dr. Bomze billed for 10.5 hours of work, at a rate of $400 per hour, for a total of $4,200.00. Fees App. Ex. B at 6, ECF No. 64-2. Dr. Bomze has previously been awarded his requested rate and I see no reason to disturb such a request. *See Paulowsky v. Sec'y of Health & Human Servs.*, No. 14-77, 2019 WL 2635743 (Fed. Cl. Spec. Mstr. May 28, 2019). In examining his invoice entries, I find the amount of time Dr. Bomze expended in reviewing medical records to be reasonable. Accordingly, I award his request in full: $4,200.00 ($1,600 retainer fee + $2,600 billed).

Dr. Vera Byers authored two reports in this case and is requesting a total of $17,000.00 for 42.5 hours of work at a rate of $400. Fees App. Ex. B at 3-4. Dr. Byers has previously been awarded the requested rate. *See Dineen v. Sec'y of Health & Human Servs.*, No. 15-700V, 2019 WL 6139492 (Fed. Cl. Spec. Mstr. Oct. 29, 2019). I find her rate to be reasonable and consistent with other experts with similar education and experience. In reviewing her invoice entries, I also find the amount of time Dr. Byers expended to be reasonable. Accordingly, I award her requested fee in full: $17,000.00 ($3,000 retainer fee + $14,000 billed).

#### ii. Miscellaneous costs

I have reviewed all of the miscellaneous costs for which compensation is requested, including the supporting documentation, and I find them all to be reasonable. They shall be reimbursed in full: $690.61.

Total costs to be awarded: **$21,890.61**

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT** Petitioners' application, as follows:

A lump sum in the amount of **$46,453.60**, representing reimbursement of Petitioners' interim attorneys' fees and costs (including expert witness costs), in the form of a check jointly payable to Petitioners and their attorney, Mark T. Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

Any questions regarding this Order may be directed to my law clerk, Ahmed Almudallal, by email at Ahmed_Almudallal@cfc.uscourts.gov.

**IT IS SO ORDERED.**

    **s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.