# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-104V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JAMES AND BRANDY RILEY, | * |
| on behalf of E.R., a minor, | *    Chief Special Master Corcoran |
| | * |
| Petitioners, | *    Filed: October 13, 2021 |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

*Mark Sadaka,* Sadaka Associates LLC, Englewood, NJ, Petitioners.

*Emily Manoso,* U.S. Dep't of Justice, Washington, DC, Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On February 2, 2015, James and Brandy Riley, on behalf of their minor child E.R., filed a petition on her behalf seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that E.R. experienced the reactivation of varicella virus after the receipt of three vaccines (including a varicella vaccine) administered to her on February 20, 2012. Petition (ECF No. 1) at 1.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

In 2020, the special master to whom the matter was originally assigned set a schedule for briefing ruling on the record. The parties filed their briefs, and then the matter was reassigned to me in January 2021. Thereafter I issued a decision denying entitlement to compensation. *See* Decision, dated August 31, 2021 (ECF No. 101) (the "Decision"). Petitioners did not appeal my determination.

Petitioners were previously granted an interim award of fees in December 2019. ECF No. 77. They have now filed a motion for a final award of attorney's fees and costs. Motion, dated October 7, 2021 (ECF No. 104). Petitioners request $31,554.00 in attorney's fees and costs for the work of one attorney, Mr. Mark Sadaka, and one paralegal, Ms. Michele Curry. Motion at 10-19. Respondent reacted to the fees request on October 13, 2021. *See* Response, dated October 13, 2021 (ECF No. 105). Respondent defers the determination of the propriety of an award, along with calculation of the amount to be awarded if so, to my discretion. *Id.* at 2.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$31, 554.00**.

## ANALYSIS

**I.      Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation.

In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have

2

sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Here, although Petitioners' claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle them to a fees and costs award. The claim rested entirely on a determination that E.R.'s rash and blistering constituted a recurrent varicella-zoster infection. The record, however, best supported the conclusion that the blistering and lesions E.R. experienced post-vaccination reflected a herpes simplex virus infection—*not* reactivation of varicella, hence not likely attributable to the varicella vaccine, and not otherwise associated with the other vaccines she received. I did not find the theory overall to be persuasive or reliably-established, but the core facts (establishing vaccination plus E.R.'s injury, whatever its basis) were not disputed. Moreover, elements of Petitioner's case had reasonable expert support, and the theory presented was not one that the Program has addressed enough times to say that it was facially untenable from the start.

Accordingly, and in light of the extremely lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C.,

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for their attorney, based on the years work was performed:

|  | **2019** | **2020** | **2021** |
|---|---|---|---|
| **Michele Curry** (Paralegal) | $156.00 | $163.00 | $172.00 |
| **Mark Sadaka** (Attorney) | $405.00 | $422.00 | $444.00 |

ECF No. 104 at 4.

Mr. Sadaka and his paralegal practice in Engelwood, New Jersey - a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the rates established in *McCulloch*. *See Ladue v. Sec'y of Health & Hum. Servs.*, No. 12-553V, 2018 WL 6978075, at *3–4 (Fed. Cl. Spec. Mstr. Dec. 14, 2018). The requested rates are also consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[4] *See Rolshoven v. Sec'y of Health & Hum. Servs.*, No. 14-439V, 2017 WL 5472577, at *3 (Fed. Cl. Spec. Mstr. Oct. 19, 2017). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

## III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $6,238.00 in outstanding costs incurred since the date of the interim fees award, including medical record retrieval costs and costs associated with the work of expert Vera Byers, M.D. ECF No. 83, Ex. 36. Previously, Dr. Byers was compensated for work performed in this matter in the context of the prior interim fees and costs award issued in this case. At that time, Dr. Byers had authored two expert reports, and requested a total of $17,000 for 42.5 hours of work at a rate of $400. ECF No. 77 at 6. Since then, Dr. Byers authored a supplemental expert report and billed 15.5 hours of additional work, at a rate of $400 per hour, which amounts to $6,200.00. ECF No. 104 at 20. I deem the total expense occurred by Dr. Byers somewhat high for the nature of the work performed, but since the bulk of it was already awarded, and since Dr. Byers's input had some reliable elements, I will award the remaining sum owed without adjustment.

Otherwise, I do not find any of the other requested costs in this matter unreasonable. The medical record retrieval costs are typical in Program cases and are thus eligible for reimbursement. Mailing and Distribution costs are also typical, and I do not find any of the requested costs unreasonable. Thus, they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs in its entirety, and award a total of **$31,554.00,** reflecting $25,316.00 in attorney's fees and $6,238.00 in attorneys' costs, in the form of a check made jointly payable to Petitioners and their attorney Mr. Mark Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.